**SO ORDERED.**

**SIGNED this 27 day of December, 2012.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# NEW BERN DIVISION

IN RE:

**KINGSTON TOBACCO COMPANY, INC.,**     CHAPTER 7
                                         CASE NUMBER 12-05532-8-RDD
      **Debtor**

## ORDER

Pending before the Court is the Motion for Order Enjoining Virginia Brands, L.L.C. from Pursuing Any Claim to Pierce the Corporate Veil of the Debtor and the accompanying memorandum of law filed by Kingston Tobacco Company, Inc. (the "Debtor") on October 29, 2012, the Response to Motion for Order Enjoining Virginia Brands, LLC, from Pursuing any Claim to Pierce the Corporate Veil of the Debtor and Incorporated Memorandum of Law filed by Virginia Brands, LLC ("Virginia Brands") on November 8, 2012, the Reply in Further Support of Motion for Order Enjoining Virginia Brands, LLC from Pursuing Any Claim to Pierce the Corporate Veil of the Debtor filed by the Debtor on November 19, 2012, the Joinder in Support of Motion for Order Enjoining Virginia Brands, L.L.C. from Pursuing any Claim to Pierce the Corporate Veil of the Debtor filed by Randy Riggs, Rodney Riggs, Kenneth Scott, Amanda Heath, and Joseph Nanney (the "Individuals") on November 20, 2012, and the Response to Individuals' Motion for "Joinder" of Debtor's Motion for Order Enjoining Virginia Brands, LLC from Pursuing Any Claim to Pierce the Corporate Veil of the Debtor, filed by Virginia

Brands on November 21, 2012. The Court conducted a hearing on November 26, 2012, in Wilson, North Carolina to consider this matter.

On January 21, 2010, Virginia Brands filed a Complaint against the Debtor in the Virginia Circuit Court of Halifax County alleging state law claims for breach of a contract and seeking compensatory damages and injunctive relief. On March 15, 2010, The Debtor filed a Notice of Removal, removing the underlying action to the United States District Court for the Western District of Virginia, Danville Division. On March 22, 2010, the Debtor filed its Answer and Counterclaim to the Complaint in the District Court.

On November 1-2, 2010, the Honorable Jackson L. Kiser, Senior United States District Judge presiding, held a bench trial of the underlying action. On December 10, 2010, Judge Kiser entered a Memorandum Opinion and entered judgment against the Debtor in the amount of $5,257,644.92, plus interest at the rate of 6% from the date of judgment, together with court costs.

On July 17, 2012, Virginia Brands initiated a supplemental proceeding, filing and serving its Debtor's Interrogatories and issuing summonses to Debtor and to each of Debtor's Corporate Officers (Randy Riggs, Rodney Riggs, and Kenneth Scott). On July 25, 2012, the District Court, the Honorable Robert S. Ballou, United States Magistrate Judge presiding, conducted a hearing on the Debtor's Interrogatories. Randy Riggs, Rodney Riggs, and Kenneth Scott failed to appear at the hearing. Attorney Joseph Nanney, Jr. and bookkeeper/secretary Amanda Heath appeared on behalf of Debtor. Mr. Nanney, raised multiple claims of attorney-client privilege in response to questions. Judge Ballou ordered Mr. Nanney to produce, within seven days, a motion and memorandum asserting the basis for "privilege" claims. During the hearing, the District Court recognized that the Debtor had failed to satisfy its obligations under Virginia Brand's interrogatories. The District Court, *sua sponte*, decided to consider appropriate sanctions against the Individuals. The Court stated:

> And I'm going to take under advisement any assessment of costs and fees in whatever way may be assessed, including Mr. Nanney, whether there's an assessment against counsel for not having the necessary people here, and including an assessment against individuals for not being here when they needed to be here.

*See* Transcript of July 25, 2012 Hearing on Debtor's Interrogatories, at pp. 240:15-21; *see also* Transcript of July 25, 2012 Hearing on Debtor's Interrogatories, at pp. 242:9-12.

At the close of the July 25, 2012 hearing, Virginia Brands orally moved the Virginia District Court *ore tenus* to pierce the corporate veil of the Debtor and to hold the officers of the Debtor personally liable for the Judgment. Mr. Nanney failed to file a motion and memorandum in accordance with the District Court's directions.

On July 31, 2012, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of North Carolina. On August 2, 2012, John C. Bircher, III, was appointed as the Chapter 7 Trustee (the "Trustee") in the Debtor's bankruptcy proceeding. On August 29, 2012, Virginia Brands renewed its previous *ore tenus* motion by filing the Motion to Pierce Corporate Veil, Hold Liable Corporate Officers of Kingston Tobacco, and/or to Impose Trust Upon Officers of Kingston Tobacco ("Plaintiff's Motion to Pierce"). On the same day, Virginia Brands filed the Motion fo Entry of Written Order from the July 25th Hearing *Nunc Pro Tunc* ("Plaintiff's Motion to Enter Order").

On August 30, 2012, Judge Kiser entered the "Order Amending Pretrial Order and Referring Motions," which referred all pending and subsequent motions to Judge Ballou. The pending motions included (1) Plaintiff's Motion to Pierce; and (2) Plaintiff's Motion to Enter Order.

On September 11, 2012, the Debtor filed the Notice of Removal of Pending Federal Court Civil Action to United States Bankruptcy Court, Eastern District of North Carolina, initiating this

3

adversary proceeding. The Notice stated it was filed pursuant to 28 U.S.C. §§ 1452(a), 1334(b), and 157 and Bankruptcy Rule 9027.

On September 12, 2012, the Individuals filed in the District Court: (1) a Notice of Appearance and Request for Service of Papers; (2) an Objection to Motion to Pierce the Corporate Veil; and (3) Objection to Motion for Entry of Written Order *Nunc Pro Tunc* from the July 25th Hearing. On September 13, 2012, Judge Kiser denied the Notice and Request for Service and disallowed the Objections, Judge Kiser ruled that the Debtor's Chapter 7 filing "operates to stay these proceedings" and that "neither this Court nor the Magistrate Judge has the authority to entertain argument or rule on the pending Motions until the case is disposed of by the Bankruptcy court or properly remanded."

The Debtor requests entry of an order, enjoining Virginia Brands from pursuing any corporate veil piercing or *alter ego* claims against the Individuals, shareholders, officers and/or directors of the Debtor. This Court previously entered an order in the related adversary proceeding on December 21, 2012, remanding the present adversary proceeding to the United States District Court for the Western District of Virginia. *Virginia Brands, LLC v. Kingston Tobacco Company, Inc.* (*In re Kingston Tobacco Company, Inc.*) AP No. 12-00230-8-RDD at 6 (Bankr. E.D.N.C. Dec. 21, 2012). That order also provided that the automatic stay as provided in 11 U.S.C. § 362 (a)(1)-(3) remained in effect and stayed Virginia Brands from pursuing any further action against the Debtor, until Virginia Brands moved to have the automatic stay lifted. The Court further ordered that the automatic stay was not in effect as to the consideration of appropriate sanctions against the Individuals by the United States District Court for the Western District of Virginia.

"North Carolina law, like Virginia law, treats a corporation and its alter-ego as 'one and the same . . . .'" *Alvarez v. Ward*, Case No. 1:11CV03, 2011 WL 7025906, at *3 (W.D.N.C. Oct. 17, 2011) (citing *Fischer Inv. Capital, Inc. v. Catawba Dev. Corp.*, 689 S.E.2d 143, 147 (N.C. Ct. App.

4

2009). The standing of a trustee arises from two sources: "(1) the rights of the debtor, 11 U.S.C. § 541, and (2) the rights of creditors of the debtor, 11 U.S.C. § 544." *Steyr-Daimler-Puch of Am. Corp. v. Pappas*, 852 F.2d 132, 135 (4th Cir. 1988). A bankruptcy trustee has authority to bring an alter ego claim in the bankruptcy proceeding and to compromise it. *See Id.* at 136. Because the alter ego claim against the principals is property of the estate within 11 U.S.C. § 541(a), the trustee is given authority to bring such claim. *Id.* (citing 4 *Collier on Bankruptcy* ¶ 541.02[2] (15th ed. 1985). Accordingly, the automatic stay applies and because the claim is property of the estate, the Chapter 7 Trustee is given full authority to determine whether he has grounds to bring an alter ego claim against the principals. *Id.* (noting that "before the debtor or a creditor may pursue a claim, there must be a judicial determination that the trustee in bankruptcy has abandoned the claim . . . . [w]ithout such a determination, a creditor seeking to pursue a claim cannot maintain it." (internal citations omitted.)).

Therefore, the automatic stay as provided in 11 U.S.C. § 362 (a)(1)-(3) remains in effect and enjoins Virginia Brands from pursuing any further action against the Debtor, until Virginia Brands moves to have the automatic stay lifted. Further the Chapter 7 Trustee is given full authority to determine whether he has grounds to bring an alter ego claim against the Individuals, the shareholders, officers and/or directors of the Debtor.

**SO ORDERED.**

**END OF DOCUMENT**